**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 11-4089**

UNITED STATES OF AMERICA,

Plaintiff – Appellee,

v.

TAVON BERNARD JOHNSON, a/k/a Brandon Thomas, a/k/a Keith
Bernard Miller,

Defendant - Appellant.

Appeal from the United States District Court for the District of
Maryland, at Baltimore.  William D. Quarles, Jr., District
Judge.  (1:10-cr-00174-WDQ-1)

Submitted: November 21, 2011      Decided: December 16, 2011

Before MOTZ, KING, and GREGORY, Circuit Judges.

Affirmed by unpublished per curiam opinion.

James Wyda, Federal Public Defender, Ebise Bayisa, Assistant
Federal Public Defender, Greenbelt, Maryland, for Appellant.
Rod J. Rosenstein, United States Attorney, Barbara S. Sale,
Assistant United States Attorney, Baltimore, Maryland, for
Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Tavon Bernard Johnson pleaded guilty to possession with intent to distribute cocaine, in violation of 21 U.S.C. § 841(a) (2006), and possession of a firearm after having previously been convicted of a crime punishable by a term of imprisonment exceeding one year, in violation of 18 U.S.C. § 922(g) (2006). The district court sentenced Johnson to a total of 151 months of imprisonment and he now appeals. Finding no error, we affirm.

Johnson argues on appeal that the sentence is procedurally and substantively unreasonable. We review a sentence for reasonableness, applying an abuse of discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007); see also United States v. Layton, 564 F.3d 330, 335 (4th Cir. 2009), cert. denied, 130 S. Ct. 290 (2009). In so doing, we first examine the sentence for "significant procedural error," including "failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the [18 U.S.C.] § 3553(a) [(2006)] factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence." Gall, 552 U.S. at 51.

We then "consider the substantive reasonableness of the sentence imposed." Id. We will presume on appeal that a

2

sentence within a properly calculated advisory Guidelines range is reasonable. United States v. Allen, 491 F.3d 178, 193 (4th Cir. 2007); see Rita v. United States, 551 U.S. 338, 346-56 (2007) (upholding presumption of reasonableness for within-Guidelines sentence). Moreover, "[t]he fact that [we] might reasonably have concluded that a different sentence was appropriate is insufficient to justify reversal of the district court." Gall, 552 U.S. at 51.

Johnson argues that the sentence is procedurally unreasonable because the district court failed to respond to his sentencing arguments, failed to consider the § 3553(a) factors, and failed to adequately explain the sentence. A district court must conduct an "individualized assessment" of the particular facts of every sentence, whether the court imposes a sentence above, below, or within the Guidelines range. United States v. Carter, 564 F.3d 325, 330 (4th Cir. 2009). In addition, "[w]here [the parties] present[] nonfrivolous reasons for imposing a . . . sentence [outside the advisory Guidelines range,] . . . a district judge should address the party's arguments and explain why he has rejected those arguments." Id. at 328 (internal quotation marks and citation omitted). We review the adequacy of the district court's explanation for abuse of discretion. See United States v. Lynn, 592 F.3d 572, 578-79 (4th Cir. 2010) (claim for failure to adequately explain

sentence preserved if defendant argues for a sentence other than that imposed).

We have thoroughly reviewed the record and conclude that the district court did not commit procedural error in sentencing Johnson. The court specifically and explicitly responded to Johnson's sentencing arguments, explaining its rejection of each of those arguments. Moreover, the court thoroughly explained its reasons for imposing the chosen sentence, thoughtfully evaluated Johnson's history and characteristics, the seriousness of the offenses of conviction, and the need for deterrence and to protect the public, and appropriately considered the advisory Guidelines range, sentencing disparities, and policy considerations. See 18 U.S.C. § 3553(a). Finally, we conclude that Johnson has failed to overcome the presumption of reasonableness applied to his within-Guidelines sentence.

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid in the decisional process.

AFFIRMED

4